UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY JAVON BLUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-CV-55-NCC |
| | ) |
| ANNE L. PRECYTHE and RYAN CREWS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court upon review of a complaint filed by self-represented plaintiff Timothy Javon Blunt, an inmate at the Moberly Correctional Center (also "MCC"). The complaint was initially filed in the United States District Court for the Western District of Missouri, and subsequently transferred here on the basis of venue. For the reasons explained below, the Court finds that this action could not have been brought in this judicial district, and venue is in fact proper in the district where it originated. The Court will therefore order this case transferred back to the United States District Court for the Western District of Missouri.

**Background**

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Anne Precythe and Ryan Crews. The United States District Court for the Western District of Missouri subsequently entered an order in which it determined that plaintiff asserted claims against the defendants "concerning a conduct violation he received at Moberly Correction Center," and wrote:

> Pursuant to the federal venue statute, 28 U.S.C. § 1391(b), venue for this case is proper only in the district where any defendant resides, if all defendants reside in the same state, in a district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Because

> the events giving rise to Plaintiff's claim occurred in Moberly, Missouri, located in Randolph County, which is in the Eastern District of Missouri, see 28 U.S.C. § 105(a)(2), the convenience of the parties and witnesses and the interest of justice indicate that venue is more appropriate in the Eastern District of Missouri. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

(ECF No. 4 at 1). The Court then ordered the matter transferred to this United States District Court. *See id.* The Court did not explain the basis for the conclusion that the conduct violation was issued at MCC, and review of the complaint indicates that the conduct violation, and the other events giving rise to plaintiff's claim, occurred at the Boonville Correctional Center ("BCC"), located in Cooper County, which is in the Western District. *See* 28 U.S.C. § 105(b)(4). In the complaint, plaintiff alleges as follows.

On May 10, 2020, "Correctional Officer Farrell Rooks *of Booneville Correctional Center*" issued plaintiff a conduct violation. (ECF No. 1 at 5) (emphasis added). A hearing was held on May 15, 2020, and plaintiff was found guilty and given 20 days in Administrative Segregation. Plaintiff claims his due process rights were violated and he was wrongfully found guilty and punished, and he claims he lost a chance at parole because of the conduct violation.

Attached to the complaint is a copy of the May 10, 2020 Conduct Violation Report issued by C.O. Rooks. The report identifies plaintiff's institution as "BCC." (ECF No. 1-1 at 1). The Missouri Department of Corrections website identifies "BCC" as the "Location Acronym" for the Boonville Correctional Center. *See* https://doc.mo.gov/facilities/adult-institutions/address-listing (last visited November 9, 2021) (listing all of the facilities in the Missouri Department of Corrections and identifying "BCC" as the Location Acronym for the Boonville Correctional Center). Also attached is a copy of a Corrective Action Report documenting the May 15, 2020 hearing and the punishment given. This report also identifies plaintiff's institution as BCC.

**Discussion**

This case was transferred to this United States District Court based upon an apparent misunderstanding that venue was proper here under 28 U.S.C. § 1391(b)(2) because the events giving rise to plaintiff's claim took place at the Moberly Correctional Center. However, careful review of the complaint shows that the events giving rise to plaintiff's claim took place at the Boonville Correctional Center, which is in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4). There is no basis to conclude that venue could be proper in this judicial district under 28 U.S.C. § 1391(b)(1) because the complaint does not allege that either defendant lives here. In addition to there being no allegations of either defendant's residence within this judicial district, upon information and belief, neither defendant resides here. The Court concludes that this action could not have been brought in this judicial district, and therefore 28 U.S.C. § 1404(a) does not authorize the action that was taken.

Looking to 28 U.S.C. § 1391(b)(2), the Court concludes that venue is proper in the United States District Court for the Western District of Missouri, where the events giving rise to plaintiff's claim occurred. The Court will therefore order this matter transferred back to the United States District Court for the Western District of Missouri, where it originated. *See* 28 U.S.C. § 1404(a).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of November, 2021.